T.C. Summary Opinion 2002-146

UNITED STATES TAX COURT

VINCENT S. SCIABICA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9392-01S.                    Filed November 13, 2002.

Vincent S. Sciabica, pro se.

<u>Frank W. Louis</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined deficiencies of $6,580 and $4,232 in petitioner's 1995 and 1996 Federal income taxes, respectively. This Court must decide whether losses claimed by petitioner are subject to the passive activity loss limitations under section 469.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Albany, New York, at the time he filed his petition.

During the taxable years at issue, petitioner owned 34.72 percent of the outstanding shares of VBR Corporation (VBR). VBR is an S corporation, which owns and operates bowling alleys.

In 1995, VBR sought financing in order to purchase automatic scoring equipment (equipment). Because of VBR's loss history, the company was unable to obtain the requisite financing. One lender was willing to make a loan directly to petitioner. Petitioner secured the loan and purchased the equipment. Subsequently, petitioner entered into a written lease agreement with VBR reflecting the lease of petitioner's equipment to VBR (the lease agreement).

The lease agreement was effective on August 1, 1995, and would terminate on August 15, 2002. The lease agreement provided for monthly payments to be made by VBR to petitioner in the amount of $3,320.07. VBR was required to maintain the equipment in good condition, to purchase insurance with respect to the

equipment, and to pay any necessary taxes with respect to the equipment. Pursuant to the lease agreement, petitioner retained title to the equipment, including any and all additions made to it, and VBR bore all risk of loss or damage to the equipment. VBR had an option to purchase the equipment for its fair market value on the last day of the lease agreement.

Financing statements covering the equipment were filed with the Ohio Secretary of State and the Franklin County Recorder's Office. The financing statements listed petitioner as lessor and VBR as lessee.

In 1995 and 1996, petitioner deducted losses on Schedule E, Supplemental Income and Loss, of $23,024 and $22,724, respectively, in connection with the equipment leased to VBR. Respondent disallowed petitioner's Schedule E loss deductions with respect to the equipment leased to VBR for the taxable years in issue. Respondent also made automatic adjustments based on these disallowances.

Respondent contends that the equipment leasing activity was a passive rental activity and that the related loss deductions for the taxable years in issue were subject to the passive loss limitations of section 469. Petitioner contends that the equipment leasing activity was not a passive activity and relies upon the exception to passive activity classification found in section 1.469-1T(e)(3)(ii)(F), Temporary Income Tax Regs., 53 Fed. Reg. 5702 (Feb. 25, 1988). In the alternative, petitioner

contends that if the leasing activity is determined to be a passive activity, the passive activity losses can be grouped with his share of income from VBR in accordance with the grouping exception found in section 1.469-4(d)(1)(A), Income Tax Regs.

Taxpayers generally bear the burden of proving that the Commissioner's determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). The record reflects that section 7491 does not apply in this case.

Section 469(a)(1) limits the deductibility of losses from certain passive activities of individual taxpayers. Generally, a passive activity includes the conduct of a trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1)(A) and (B). A rental activity (except certain rental activity involving real estate) is generally treated as a passive activity without regard to whether the taxpayer materially participates. Sec. 469(c)(1), (2), (4). Rental activity is defined as "any activity where payments are principally for the use of tangible property." Sec. 469(j)(8). Under the literal language of the statute, petitioner's equipment leasing activity is a rental activity, and section 469(a) applies.

Petitioner contends that the leasing activity is not a rental activity because it qualifies as an exception to the definition of a rental activity under section 1.469-1T(e)(3)(ii)(F), Temporary Income Tax Regs. That regulation states that an activity is not a rental activity under

paragraph (e)(3)(vii) of that section if the property is provided for use in an activity conducted by a partnership, S corporation, or joint venture in which the taxpayer owns an interest. The short answer is that petitioner did not provide property to VBR. Petitioner leased property to VBR.

Petitioner contends that he had an agency, not a lease, relationship with VBR and that VBR should be regarded as the lessors of the equipment. The evidence suggests to the contrary. In light of the form of the written lease agreement, under Ohio law the arrangement between petitioner and VBR with respect to petitioner's equipment constituted a lease from petitioner to VBR. Ohio Rev. Code Ann. sec. 1310.01(A)(10) (Anderson 2001) ("'Lease'" means a transfer of the right to possession and use of goods for a term in return for consideration."); Hairston v. Commissioner, T.C. Memo. 2000-386.

The equipment was provided by petitioner to VBR in his capacity as a lessor and not a shareholder. Accordingly, we hold that the exception to the characterization of a rental activity as a passive activity found in the regulation above is not applicable in this case.

In the alternative, petitioner contends that if he was engaged in a rental activity during the taxable years in issue for purposes of the passive activity loss limitations, then he is entitled to group the loss from his rental activity with his

share of income from VBR's trade or business activity of operating bowling alleys under the exception in section 1.469-4(d)(1)(A), Income Tax Regs., on the ground that the rental activity is "insubstantial" in relationship to the business activity of VBR. Petitioner merely makes this assertion without citing any applicable authority and without any legal analysis.

The record lacks any evidence to support the argument that the rental activity was insubstantial with respect to VBR's trade or business. Therefore, we hold that petitioner cannot group together his rental activity and VBR's trade or business for purposes of the passive activity loss limitations of section 469.

For all the foregoing reasons, respondent's determinations in the notice of deficiency are sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.